# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOAN B. GOTTSCHALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 0040 | **DATE** | March 17, 2008 |
| **CASE TITLE** | Jermaine Webb (#B-12457) vs. Sheriff Zajac, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for appointment of counsel [#13] is denied at this time, without prejudice.

■ [**For further details see text below.**]

Docketing to mail notices.

## STATEMENT

    The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, jail officials, violated the plaintiff's constitutional rights by: (1) using unjustified force against him (or by failing to intervene when a fellow officer used unprovoked force); and (2) conducting an illegal search and seizure. More specifically, the plaintiff alleges that a correctional officer assaulted him for no reason while fellow officers watched and jeered; he additionally claims that another officer forcibly removed a list of witnesses from the plaintiff's pocket as he lay on the floor. This matter is before the court for ruling on the plaintiff's motion for appointment of counsel.

    The motion is denied at this time, without prejudice. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656, *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the court must consider: (1) whether, given the degree of difficulty of the case, the plaintiff appears (2) **(CONTINUED)**

mjm

**STATEMENT (continued)**

competent to try it himself; and whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Pruit v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

After considering the above factors, the court concludes that appointment of counsel is not warranted in this case. First, the plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. *See Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004)*, citing Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). In any event, although the plaintiff has articulated colorable claims, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary. The plaintiff appears more than capable of presenting his case. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motion for appointment of counsel is denied at this time, without prejudice to renewal as the case further develops.

Reference is also made to the plaintiff's letter dated February 16, 2008. The Clerk has corrected the spelling of defendant Zajac's name on the docket. Furthermore, the plaintiff's jury demand has been duly noted. Finally, the plaintiff is advised that he must file separate documents relating to Case Numbers 07 C 4324 and 08 C 0040. The plaintiff may not submit one document and ask that it be entered in multiple cases. [In fact, the plaintiff should refrain from filing any *pro se* documents in Case No. 07 C 4324, as he is represented by counsel.]